UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**IN RE: ALL YOU, LLC**                                           **CASE NO. 5:10-bk-74049**
                                                                  **CHAPTER 11**

**OBJECTION TO CONFIRMATION OF DEBTOR'S PROPOSED
CHAPTER 11 PLAN DATED MAY 20, 2011**

Comes now First Security Bank (hereinafter referred to as "First Security"), Secured Creditor in this matter, by and through its attorneys, MILLAR JILES CULLIPHER, LLP, and for its Objection to Confirmation of Debtor's Proposed Chapter 11 Plan dated May 20, 2011, states as follows:

1.      First Security votes to reject Debtor's proposed Chapter 11 Plan dated May 20, 2011.

2.      First Security also objects to confirmation of the Debtor's proposed Chapter 11 Plan dated May 20, 2011 for the reasons set out below.

3.      The Debtor's proposed plan does not comply with 11 USC § 1129(a)(7). As admitted by the Debtor in its liquidation analysis, the Debtor appears to currently have an equity cushion in its assets such that First Security's claim would be paid in full if Debtor were immediately liquidated as in a Chapter 7 proceeding. However, the Debtor's Plan of Reorganization seeks to impair First Security's claim in that First Security's claim would not be paid in full over the life of the plan.

4.      Specifically, the Debtor's plan proposes to sell properties other than 1395 Henri De Togni and 2325 N. College and to use the proceeds realized from these sales to pay down the indebtedness to First Security, and to retain 1395 Henri De Togni and 2325 N. College at the conclusion of the plan. This proposal, however, assumes that the

proceeds realized from the sale of the properties will be sufficient to pay off the indebtedness in full. The Debtor's plan does not contain any provisions for how First Security will be paid if the proceeds from the sale of properties other than 1395 Henri De Togni and 2325 N. College are insufficient to pay the indebtedness due and owing to First Security. In fact, the Debtor concedes in its proposed Plan of Reorganization that First Security's claim is impaired while its other classes of creditors (with the exception of general unsecured creditors) are unimpaired.

5. The Debtor's proposed plan fails to state what amounts, if any, First Security will be paid during the plan length or on what dates those monies, if any, will be paid to First Security. The Debtor's plan impermissibly attempts to re-write the terms and conditions of the indebtedness due and owing by Debtor to First Security on terms which are not commercially reasonable. The indebtedness has matured by its terms (and in fact has been reduced to judgment), and applicable bankruptcy law does not permit a Chapter 11 Debtor to de-accelerate a debt which has matured.

6. The Debtor's proposed plan fails to ensure that adequate monetary reserves are maintained to insure and maintain the real properties to be sold under the plan pending the sale of the real properties.

7. The Debtor's proposed plan does not adequately disclose the expected revenues its expects to operate with and use to perform the plan, and is unreasonable in light of the Debtor's actual financial performance and condition since the filing of its Chapter 11 Petition.

**WHEREFORE,** premises considered, First Security prays that this Court enter an Order denying confirmation of Debtor's proposed Chapter 11 Plan; awarding First Security its costs, including attorneys' fees, incurred in filing this Objection, and awarding First Security any and all other relief to which it is entitled.

    Respectfully submitted,

    MILLAR JILES CULLIPHER, LLP
    The Frauenthal Building
    904 Front Street
    Conway, Arkansas 72032
    (501) 329-1133
    gjiles@mjcfirm.com

July 21, 2011    By: /s/ Gary D. Jiles
    Gary D. Jiles (88-118)
    Matthew K. Brown (2007-135)

    Attorneys for Secured Creditor,
    First Security Bank

## CERTIFICATE OF SERVICE

      I, Gary D. Jiles, do hereby certify that on this 21st day of July, 2011, a true and correct copy of the foregoing Objection to Debtor's Proposed Chapter 11 Plan Dated May 20, 2011 has been served, via the CM/ECF system, on the following:

dblaw0887@hotmail.com
Donald A. Brady, Jr., Esq.
BLAIR & BRADY ATTORNEYS AT LAW
109 N. 34th Street
P. O. Box 1715
Rogers, Arkansas 72756

USTPRegion13.LR.ECF@usdoj.gov
U.S. Trustee
Office of U.S. Trustee
200 W Capitol, Ste. 1200
Little Rock, Arkansas 72201

drutledge@lislerutledge.com
Donnie W. Rutledge, II, Esq.
LISLE RUTLEDGE P.A.
1458 Plaza Place, Ste. 101
Springdale, Arkansas 72764-5273

david.kaufman@rev.state.ar.us
David B Kaufman, Esq.
Department of Finance
P.O. Box 1272, Room 2380
Little Rock, Arkansas 72203-1272

gbutler@co.washington.ar.us
George E. Butler, Jr., Esq.
Attorney at Law
280 N. College
Fayetteville, Arkansas 72701

                                              /s/ Gary D. Jiles
                                              Gary D. Jiles