UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE: ALL YOU, LLC                                  CASE NO. 5:10-bk-74049
                                                     Chapter 11

**MOTION FOR TEMPORARY INJUNCTION,
FOR RECONSIDERATION OF THE ORDER ENTERED SEPTEMBER 26, 2011
AND AMENDED MOTION TO VACATE ORDER**

COMES NOW ALL YOU, LLC by and through its attorney, Don Brady, and in support of this Motion respectfully states:

1. Debtor has previously filed a Motion to Vacate the Court's Order confirming the Plan of Reorganization filed by First security Bank. This Motion was set for hearing on October 26, 2011.

2. This Motion incorporates the previous motion to vacate and adds additional rationale for granting the motion to vacate.

3. First Security Bank has scheduled a sale of the bankruptcy estate assets for October 12, 2011.

4. The Debtor seeks a temporary injunction preventing the sale of any estate assets until the Court has had the opportunity to hear the Debtor's arguments on why the Court should vacate its previous order confirming the Plan of Reorganization filed by First Security Bank.

5. Reasons for the granting of the Debtor's Motion for Injunctive Relief and for Vacating the Court's Order Confirming the Plan of Reorganization filed by First Security Bank include without limitation:

    a. Allowing the bank to sell the estate assets prior to hearing argument on why the Court's prior Order should be vacated would cause irreparable harm to the

Debtor;

b. The Bank's own witnesses testified that there is an approximate 1.7 million dollar equity cushion in these properties; therefore, causing the Bank to have to wait another 3-4 weeks to sell the property would not cause harm to the Bank as compared to the substantial harm it would cause the Debtor;

c. The relevant testimony in this case is that the properties are worth around 7.7 million dollars with an equity cushion of 1.7 million. The argument that the Bank might not get enough to cover the debt obligation and therefore is impaired creates the type of artificial impairment which the 8th Circuit has frowned upon, See e.g. <u>Windsor on the River Assocs., Ltd v. Balcor Real Estate Fin., Inc.</u> (In re Windsor on the River Assocs., Ltd), 7F.3d 127 (8th Cir. 1993). Here the artificial impairment involved unsecured creditors but the debtor submits that the rationale applies here as well;

d. Without an impaired class voting for the Bank's Plan, it cannot be confirmed;

e. 11 USC Section 1124 defines what creates an impairment of claims and First Security Bank does not fit within this statutory requirement. The Bank's legal, equitable, and contractual rights are unaltered. The Bank's Liquidating scheme is directly within their legal, equitable and contractual rights. The testimony of the Bank's witnesses is that the bank should be able to sell the properties within 12-18 months with additional proceeds to be paid to the equity security holders. The decision of the Bank to sell the properties immediately which MIGHT create a deficiency should not in itself elevate the Bank to impaired status; and,

    f. In other cases, Debtors have been able to avoid impairment of a secured creditor by turning collateral over to the secured creditor. See e.g., <u>In re Sacred Heart Hospital of Norristown</u>, 182 BR 413 (Bankr. ED Pa. 1995). By analogy, the Bank should not be considered impaired if all the property is turned over to the bank such as the Plan proposed by First Security Bank.

WHEREFORE, the Debtor prays that this Court grant a temporary injunction preventing the Bank from selling any of the estate assets until after the Court has had the opportunity to hear the Motions of the Debtor to reconsider the Order entered by this Court on September 26, 2011 and to Vacate the Order Confirming the Plan proposed by First security Bank.

                                      /s/ Don Brady
                                      Don Brady 97-047
                                      BLAIR, BRADY & HENSON
                                      109 N. 34th Street
                                      Rogers, Arkansas 72756
                                      479-631-0100

**CERTIFICATE OF SERVICE**

      I hereby certify that I have on this 4th day of October 2011 mailed a true and correct copy of the foregoing Document via the United States mails, postage prepaid to all the creditors found on ECF as of the date of this filing including the top 20 unsecured creditors and including Mr. Gary Jiles, the Frauenthal Building, 904 Front Street, Conway, Arkansas 72032.

                                      /s/ Don Brady
                                      Don Brady