UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE: ALL YOU, LLC                            CASE NO. 5:10-bk-74049
                                               CHAPTER 11

### RESPONSE TO MOTION FOR TEMPORARY INJUNCTION, FOR RECONSIDERATION OF THE ORDER ENTERED SEPTEMBER 26, 2011 AND AMENDED MOTION TO VACATE ORDER

Debtor's present Motion seeks to stop the execution of Secured Creditor First Security Bank's (hereinafter referred to as "First Security") Chapter 11 Plan (hereinafter referred to as the "Plan") confirmed by this Court on September 26, 2011. For the reasons set forth below, Debtor's latest series of motions are without merit and are nothing more than a further attempt to stave off the inevitable and as such should be denied.

In its pending Motion, the Debtor asks this Court to stay the scheduled judicial foreclosure sale of its properties pending resolution of its Motion to Vacate filed September 26, 2011. As is set out more fully in First Security's Response to that Motion, Debtor's first Motion to Vacate is without merit and is nothing more than an attempt by Debtor to use an issue rendered moot by the denial of confirmation of its plan---resolution of a deficiency in Debtor's plan pointed out by the U.S. Trustee---to delay implementation of First Security's plan of liquidation. First Security further notes that the Debtor's first Motion to Vacate has again been rendered moot by the Order Withdrawing United States Trustee's Objection to Plan entered on October 4, 2011 in this proceeding.

In its second Motion to Vacate, the Debtor once again attempts to raise issues argued at hearing and addressed by this Court in its ruling on the Debtor and First Security's competing plans. In its Motion, the Debtor argues that First Security is not an impaired class and, as such, its vote to accept its Planfailed to meet the requirements of

11 USC § 1129(a)(10) in that an impaired class did not vote for its Plan.  Debtor cites to the case of *Windsor on the River Assocs., Ltd v. Balcor Real Estate Fin., Inc.* 7 F.3d 127 (8th Cir. 1993) for the proposition that an artificial impairment cannot be created in order to satisfy the requirements of 11 USC § 1129(a)(10).

      The issue of whether a class is artificially impaired usually arises in the context of where a debtor has artificially created differing classes of creditors which otherwise have identical or nearly identical claims for the purposes of carving out an impaired class that will vote for the debtor's plan.  *Travelers Ins. Co. v. Bryson Properties, XVIII (In re Bryson Properties, XVIII)*, 961 F.2d 496, 502 (4th Cir. 1991).   There does not appear to be a reported decision where the issue of artificial impairment was applied where a creditor is the plan proponent.  However, it is well settled that what constitutes impairment under 11 USC § 1124 is defined in the broadest possible terms.  *In re L & J Anaheim Assocs.,* 995 F.2d 940, 942 (9th Cir. 1993) (citing *In re Madison Hotel Associates,* 749 F.2d 410, 418 (7th Cir. 1984) (quoting *In re Taddeo,* 685 F.2d 24, 28 (2d Cir. 1982)).  Courts have made it clear that any alteration of rights, *even if the value of the rights is enhanced,* constitutes impairment.  *Id*. (citations and quotations omitted) (emphasis added).

      Here, First Security's claim is clearly impaired, as this Court has previously specifically found and announced when rendering its ruling on the competing Chapter 11 Plans.  First Security's claim in the bankruptcy estate is for a sizable judgment secured by a mortgage, and now judgment, lien.  First Security is entitled to payment of its claim in full, and there is no guarantee that the sale of the property under First Security's plan of liquidation will result in payment in full of its claim.  Thus, First Security is impaired.

Further, as a result of the filing of this bankruptcy action, foreclosure of its judgment lien has been delayed for well over a year, and accrued interest has continued to mount on First Security's judgment lien, thus further eroding any equity in the properties at issue and further impairing its claim. As the Eighth Circuit noted in *Windsor*, one such factor which can constitute impairment of a class is delay in payment. *Windsor*, 7 F.3d at 132. Here, First Security has been delayed for well over a year for payment of its claim. And finally, as the witness testimony at the confirmation hearing has clearly demonstrated, the properties which act as security for First Security's mortgage have continued to deteriorate while this bankruptcy action has been proceeding, thus further impairing First Security's claim. It is also important to reiterate the testimony at the hearing on the competing Chapter 12 Plans, Debtor has never made a principal reduction payment to First Security.

In its final attack on whether or not First Security's claim is impaired, Debtor argues that by because the properties at issue will be turned over to First Security, First Security cannot be considered impaired. This argument completely mis-characterizes First Security's plan of liquidation. No where in the plan of liquidation approved by this Court will properties be turned over to First Security; rather, in First Security's plan of reorganization, the properties will be sold at a public sale. While First Security will be entitled to credit bid at the sale and may ultimately purchase certain of the properties, the general public, including those parties the Debtor has allegedly attempted to sell its properties to over the past year, will equally be entitled to attend the sale and purchase the properties. Additionally, this argument ignores the fact that in the cited authority, *In re Sacred Heart Hospital of Norristown*, 182 BR 413 (Bankr. ED Pa. 1995), the court there held that by returning collateral to a secured creditor in satisfaction of its claim, it by implication

impaired the claim. *Sacred Heart*, 182 BR at 424 (citations and quotations omitted). The foreclosure sale could very well result in First Security receiving less than the amount necessary to pay-in-full all monies due and owing by Debtor to First Security.

**WHEREFORE,** based on the foregoing, First Security respectfully requests that this Court enter an Order denying Debtor's Motion.

Respectfully submitted,

MILLAR JILES CULLIPHER, LLP
The Frauenthal Building
904 Front Street
Conway, Arkansas 72032
(501) 329-1133
gjiles@jacknelsonjones.com

October 10, 2011         By: /s/ Gary D. Jiles
                              Gary D. Jiles (88-118)

Attorneys for Secured Creditor,
First Security Bank

## **CERTIFICATE OF SERVICE**

I, Gary D. Jiles, do hereby certify that on this 10th day of October, 2011, a true and correct copy of the foregoing Response to Motion for Temporary Injunction, for Reconsideration of the Order Entered September 26, 2011 and Amended Motion to Vacate Order has been served, via the CM/ECF System on the following:

dblaw0887@hotmail.com
Donald A. Brady, Jr.
BLAIR & BRADY ATTORNEYS AT LAW
109 N. 34th Street
P. O. Box 1715
Rogers, Arkansas 72756

USTPRegion13.LR.ECF@usdoj.gov
U.S. Trustee
Office of U.S. Trustee
200 W Capitol, Ste. 1200
Little Rock, Arkansas 72201

drutledge@lislerutledge.com
Donnie W. Rutledge, II
LISLE RUTLEDGE P.A.
1458 Plaza Place, Ste. 101
Springdale, Arkansas 72764-5273

david.kaufman@rev.state.ar.us
David B Kaufman
Department of Finance
P.O. Box 1272, Room 2380
Little Rock, Arkansas 72203-1272

gbutler@co.washington.ar.us
George E. Butler, Jr.
Attorney at Law
280 N. College
Fayetteville, Arkansas 72701

/s/ Gary D. Jiles
Gary D. Jiles